AARON GALBORD, Plaintiff, *v.* JOSEPH BUONO, Doing Business as Liberty Engineering Company, Defendant.*

City Court of the City of New York, Special Term, Kings County, August 26, 1946.

*Abraham A. Salm* for plaintiff.

*Asher Lane* for defendant.

BENJAMIN, J. Plaintiff and defendant each move for summary judgment. The issue involved is the construction of paragraph twelve of the contract entered into on the 18th day of November, 1942, between the plaintiff and defendant for the rental of certain machinery and tools. By the terms of the contract the parties provided as follows: " 12. This contract shall remain in force and effect and binding upon the parties hereto for the duration of the present war, referred to and commonly known as World War II, and for a period of six months thereafter." Subsequently, these machinery and tools were returned to the plaintiff who has received them without prejudice, claiming the liability of the defendant for rental still continues. The issue which this court is called upon to resolve is whether World War II is terminated within the contemplation of the parties under this contract.

It seems to this court that a proper consideration of this contract does not require an involved excursion into the realm of international law nor an encroachment upon the prerogatives

* Cf. *Tuck Foundation* v. *Hazelcorn,* 187 Misc. 954.— [REP.

of the President of the United States, the State Department and Congress. Clearly, the parties did not contemplate that the obligation to pay rent for these tools was to continue until such time as a formal treaty of peace was entered into with every nation on which we had declared war. On the contrary, it is obvious that some of these nations might cease to exist by reason of the will and mandate of the victorious nations and that no formal treaty of peace may ever be entered into. Conversely, however, it is apparent that the court cannot say as a matter of law that the parties contemplated that the war was to be deemed at an end with V-J Day.

In the opinion of the court the paragraph in question is ambiguous and can only be construed in the light of all the attendant circumstances and with the aid of the parol evidence of the parties to determine their intent at the time of the execution of the agreement. Under these circumstances the issues of fact as to the intention of the parties should properly be reserved for the trial of the case to be determined after full opportunity of examination and cross-examination of the witnesses to the contract.

Motions for summary judgment by plaintiff and defendant are accordingly denied.